## LAMBERT HOISTING ENGINE CO. *v.* BRAY & CO.

A court to which an attachment is returnable has no authority to order a fund in the hands of the levying officer, realized from the sale of the property attached under the provisions of the Civil Code, § 5463 et seq., to be paid over to the plaintiff before there has been a final judgment on the attachment.

Submitted December 17, 1902. — Decided January 10, 1903.

Petition. Before Judge Hansell. Berrien superior court. April 2, 1902.

*Hendricks & Harrison* and *Jackson & Thomas*, for plaintiff.
*Denmark & Ashley* and *H. B. Peeples*, for defendants.

COBB, J. The Lambert Hoisting Engine Company presented its petition to the judge of the superior court, alleging that it had

sued out an attachment for the purchase-money of an article of personal property, against Bray & Company; that the property levied on had been sold under an order granted under the provisions of the Civil Code, § 5463 et seq., and the proceeds of the sale were in the hands of the levying officer; that petitioner was the only claimant to the fund; that the sheriff had received no notice of a claim of any other person; and that there was no probability. of any such claim.    The prayer of the petition was, that petitioner be allowed to execute and deliver to the sheriff a bond with security to answer any judgment, execution, order, or decree that might be issued or passed in reference to the fund; and that upon delivery of such bond the sheriff be required to pay over the money in his hands to the petitioner.    The court refused to grant the prayer of the petition, and the petitioner excepted.

The petitioner does not allege that it has obtained judgment on the attachment.    On the other hand, it appears from the petition that it was presented at the first term after the attachment was issued.    Final judgment on an attachment returnable to the superior court can not be rendered until the second term; and the defendant may at any time before final judgment make his defense to the attachment.    Civil Code, §§ 4556, 4558.    When property is sold under the provisions of the Civil Code, § 5463 et seq., the proceeds of the sale are to be treated as standing in lieu of the property which has been sold, and that provision of the code which declares that the proceeds of such sale " shall be held by the officer making the same subject to the order of the court having jurisdiction of the same " confers upon the court having jurisdiction of the case no greater power over the fund than it would have had over the property.    If no sale is had, the sheriff is required to hold the property until judgment is rendered on the attachment, and therefore is required, under the law, to hold the fund arising from a sale until this time arrives.    The defendant can replevy the property before the sale, or he can replevy the fund after a sale, by giving the replevy bond required under the attachment law.    But our attention has been called to no law authorizing a plaintiff in attachment to replevy either the property or the fund.    The court did not err in refusing to grant the prayer of the petition.

*Judgment affirmed.    By five Justices.*